UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY REED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL,<br><br>　　　　Defendant. | Case No. 19-cv-01887-JSC<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 19, 25 |

Plaintiff Mark Anthony Reed seeks social security benefits for a variety of physical and mental impairments including back, knee, and shoulder pain, as well as post-traumatic stress, depression, and anxiety. (Administrative Record ("AR") 190, 294.) Pursuant to 42 U.S.C § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying his benefits claim. Now before the Court are Plaintiff's and Defendant's Motions for Summary Judgment.[1] (Dkt. Nos. 19 & 25.[2]) Because the Administrative Law Judge's weighing of the medical evidence and Plaintiff's subjective pain testimony is not supported by substantial evidence, the Court GRANTS Plaintiff's motion, DENIES Defendant's cross-motion, and REMANDS for further proceedings consistent with this Order.

**BACKGROUND**

Plaintiff filed applications for disability benefits under Title XVI of the Social Security Act (the "Act") on January 8, 2015 alleging a disability onset date of December 30, 2015. (AR 190.) However, because this is a Title XVI action only, this disability onset date was later amended to

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C § 636(c). (Dkt. Nos. 9 & 13.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

his application date. (AR 294.) His application was denied both initially and upon reconsideration. (AR 108, 117.) Plaintiff then submitted a written request for a hearing before an Administrative Law Judge ("ALJ") and his hearing was held before Judge Angelina Hernandez on April 13, 2017. (AR 42.) On July 27, 2017, ALJ Evangelina Hernandez issued a decision finding that Plaintiff was not disabled.[3] (AR 22-36.) The ALJ found that Plaintiff had the severe impairments of obesity, glaucoma, osteoarthritis, depressive disorder, joint disorder, bilateral peripheral neuropathy, and substance use disorder, but that he did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (AR 23-26.) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work with certain limitations at a simple SVP level 1 and 2. (AR 26.) The ALJ concluded that Plaintiff was not disabled because he was capable of performing jobs existing in significant numbers in the national economy. (AR 35-36.)

Plaintiff filed a request for review of the ALJ's decision and the Appeals Council issued a partially favorable decision. (AR 5-7.) The Appeals Council adopted the ALJ's finding that Plaintiff was not disabled prior to July 27, 2017, but found that Plaintiff was a person of advanced age as of the ALJ's decision which would result in a finding of disability under Medical-Vocational Rule 201.01 as of July 27, 2017. (*Id*.) Plaintiff then sought review in this Court. (Dkt. 1.) In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. Nos. 19, 25), which are now ready for decision without oral argument.

**ISSUES FOR REVIEW**

1. Did the ALJ err in giving great weight to the medical opinions of the State agency consultative examiner and non-examining state agency reviewers, while giving little weight to Plaintiff's treating source opinion?
2. Did the ALJ err in weighing Plaintiff's subjective pain symptom testimony?
3. Did the ALJ err in formulating Plaintiff's RFC?

---

[3] The Court assumes that the same ALJ presided over the hearing as issued the written decision as neither party suggests otherwise, but the Court identifies the ALJ based on the names as they appear in the record.

2

**LEGAL STANDARD**

A claimant is considered "disabled" under the Social Security Act if he meets two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate "an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that he is unable to do his previous work and cannot, based on his age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity"; (2) whether the claimant has a severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," ("RFC") the claimant can still do her "past relevant work"' and (5) whether the claimant "can make an adjustment to other work." *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012); *see also* 20 C.R.F. §§404.1520(a), 416.920(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* In other words, if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.,* 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). However, "a decision supported by substantial evidence will still be set aside if the ALJ does not apply proper legal standards." *Id.*

3

## DISCUSSION

### A. The ALJ's Evaluation of the Medical Evidence

In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a nonexamining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide clear and convincing" reasons for rejecting an uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830-31.

#### 1) Evidence of Plaintiff's Mental Impairments

In considering the medical opinion evidence regarding Plaintiff's mental impairments, the ALJ gave great weight to the opinion of State Agency psychiatric reviewer Dr. Patricia Heldman and otherwise rejected or gave little weight to the opinions of the other examining and treating providers. Plaintiff challenges the ALJ's decision to give great weight to the opinion of Dr. Heldman while giving little weight to the opinion of Plaintiff's treating licensed clinical social worker Dawn Parrot.

##### a) Licensed Clinical Social Worker Dawn Parrot

The ALJ gave little weight to the opinion of licensed clinical social worker Dawn Parrot who treated Plaintiff six times between January 6, 2015 and February 25, 2015. (AR 493.) Ms. Parrot opined that Plaintiff "has an unfortunate combination of disabling conditions that have impacted his functionality across all aspects of his life since early childhood." (AR 494.) She found that "[i]n employment, he would struggle with attendance, learning and remembering work tasks, functioning around others, dealing with authority/supervisors, working independently, following rules, and dealing with work stress." (*Id*.) The ALJ found that (1) Ms. Parrot's opinion

4

regarding Plaintiff's "disabling conditions" was not entitled to "any special significant weight" because it went to the ultimate issue of disability which is reserved for the Commissioner, and (2) Ms. Parrot's opinion that Plaintiff would struggle with mental work-related activities lacked specificity. (AR 34.)

"[A]s a social worker, [Ms. Parrot] is not considered an 'acceptable medical source[ ]' under the regulations," but rather an "other source." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223–24 (9th Cir. 2010) (quoting 20 C.F.R. § 404.1513(a), (d).). "The ALJ may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal citation and quotation marks omitted). Thus, to the extent that Plaintiff suggests the specific and legitimate reasons standard applies to the ALJ's findings regarding Ms. Parrot, this suggestion is incorrect as it is the lower, germane reasons standard, which applies to rejecting opinions such as hers.

With respect to the ALJ's reasons for giving little weight to Ms. Parrot's opinion, the Court concludes that both reasons constitute germane reasons for discounting her opinion. First, to the extent that the ALJ found that Ms. Parrot's opinion that Plaintiff suffers from "disabling conditions" was not entitled to any special significant weight, such finding is consistent with the regulations which reserve the question of whether an individual is disabled for the Commissioner. *See* 20 C.F.R. § 416.927(d); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) ("Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.").

Second, it is not clear that the ALJ in fact rejected Ms. Parrot's opinion that Plaintiff would struggle with mental work-related tasks such as attendance, learning and remembering work tasks, functioning around others, dealing with authority/supervisors, working independently, following rules, and dealing with work stress. (AR 494.) The ALJ limited Plaintiff's mental RFC to "simple, as defined in the Dictionary of Occupations Titles (DOT) as Specific Vocational Preparation (SVP) levels 1 and 2, routine and repetitive tasks; can work in a low stress job with only occasional decision-making and only occasional changes in work setting; and can have only

5

occasional interaction with the general public." (AR 26.) In discussing Ms. Parrot's opinion, the ALJ noted that her limitations were not specific and only assigned them little weight to the extent that they were inconsistent with the RFC. Although Plaintiff insists that the ALJ erred in doing so, Plaintiff has not identified how Ms. Parrot's opinion was inconsistent with the RFC or what limitations Ms. Parrot proposed that the ALJ did not include.[4] *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting Dr. Koogler's report because the ALJ did not reject any of Dr. Koogler's conclusions.").

Accordingly, the ALJ provided germane reasons supported by substantial evidence for her treatment of Ms. Parrot's opinion.

### b) State Agency Psychiatric Reviewer Patricia Heldman

Next, Plaintiff insists that the ALJ erred in giving great weight to the opinion of State Agency Psychiatric Reviewer Patricia Heldman who opined that Plaintiff "can sustain focus, pace and persistence on simple tasks and most detailed tasks over a customary workday; can maintain appropriate superficial social interactions as needed to do simple and most detailed tasks; and can adapt to most simple stressors and simple changes in procedure." (AR 33.) The ALJ found that Dr. Heldman's opinion was "consistent with the overall mental health treatment records, which demonstrate that the claimant's symptoms improve when he is compliant with taking medications [], but he has not consistently taken his medications []." (AR 34 (internal citations omitted).)

Plaintiff contends that that Dr. Heldman's opinion should not have been given more weight than that of Ms. Parrot because Dr. Heldman failed to provide adequate support for her medical opinion. *See* 20 C.F.R. § 404.1527(c)(3) ("because nonexamining sources have no examining or treating relationship with you, the weight we will give their medical opinions will depend on the degree to which they provide supporting explanations for their medical opinions. We will evaluate the degree to which these medical opinions consider all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources."). The Court agrees.

---

[4] Plaintiff did not respond to the Commissioner's arguments to this effect in his reply to the Commissioner's cross-motion and opposition to Plaintiff's motion for summary judgment.

First, although Dr. Heldman states that she reviewed Plaintiff's complete medical record and it contained no evidence of a "more serious underlying psychotic process," Dr. Heldman failed to note Plaintiff's consistent reports of auditory and visual hallucinations. (*Compare* AR 99 *with* AR 343 (10/9/13 treatment note stating Plaintiff is experiencing visual hallucinations "ghosts or spirits watching me"); AR 349 (10/9/13 treatment note indicating auditory and visual hallucinations); AR 609 (9/10/15 treatment note listing auditory and visual hallucinations); AR 611 (9/11/15 treatment note indicating auditory and visual hallucinations); AR 619 (10/20/15 treatment note indicating that visual hallucination began around age 20 and auditory around age 40)). Dr. Heldman's citation of the evidence she considered also contains no mention of Ms. Parrot's opinion despite the fact that it was from earlier that year and indicated that Plaintiff had major depressive disorder, recurrent, severe, with anxious distress. (AR 495.) Second, in rendering her opinion, Dr. Heldman gave great weight to the opinion of Dr. Gupta and generally adopted Dr. Gupta's opinions. (AR 99.) In particular, Dr. Heldman summarized Dr. Gupta's findings and functional limitations, and stated that Dr. Gupta's Medical Source Statement (MSS) was "given great weight." (*Id.*) However, the ALJ accorded little weight to Dr. Gupta's opinion because Dr. Gupta did not review any of Plaintiff's psychiatric records and the limitations were "not restrictive enough in light of the overall evidence of record." (AR 34.) The ALJ does not acknowledge the inconsistency in giving great weight to an opinion (Dr. Heldman) which relied on an opinion (Dr. Gupta) to which the ALJ gave little weight.

The opinions of non-treating or non-examining physicians may only serve as substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Here, the ALJ failed to acknowledge either that Dr. Heldman's report was incomplete given its omission of any discussion of the medical evidence of psychosis or that her own decision to give great weight to the opinion of Dr. Heldman while giving little weight to the opinion of Dr. Gupta on which Dr.

Heldman's was based was inconsistent. As such, substantial evidence does not support the ALJ's decision to give great weight to the opinion of Dr. Heldman.

### 2) Evidence of Plaintiff's Physical Impairments

With respect to medical opinion evidence regarding Plaintiff's physical impairments, the ALJ gave great weight to the opinion State Agency internal medicine examiner Dr. Jenna Brimmer and State Agency medical reviewer Dr. Lee, while giving little or no weight to the other reviewing and examining physician opinions. (AR 30-32.) Plaintiff challenges the ALJ's decision to give great weight to Drs. Brimmer and Lee's opinions.

#### a) State Agency Medical Examiner Dr. Brimmer

The ALJ gave great weight to Dr. Brimmer's opinion and largely adopted her opinions regarding Plaintiff's functional capacity in formulating the RFC. (AR 30-31.) The ALJ found that Dr. Brimmer's opinion was supported by her physical examination of Plaintiff and the overall evidence of record "including some normal physical examinations, negative straight leg raising test, some tenderness of the lumbar spine, some tenderness to palpation of the shoulders, some reduced range of motion of the shoulders, and normal muscle strength." (AR 31.) Plaintiff contends that the ALJ should have afforded Dr. Brimmer's opinion no weight because she only met Plaintiff once and did not review any records in preparation for her opinion. However, there is no requirement that an examining physician review the medical record prior to rendering an opinion or that the opinion cannot be based on the physical examination. To the contrary, the examining physician's opinion can alone constitute substantial evidence, where it rests on that physician's own independent examination of the Plaintiff. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Accordingly, the ALJ provided a specific and legitimate reasons supported by substantial evidence for giving great weight to Dr. Brimmer's opinion.

#### b) State Agency Medical Reviewer Dr. Lee

Plaintiff likewise contends that the ALJ erred in giving great weight to the opinion of medical reviewer Dr. Lee who opined that Plaintiff can lift and/or carry 20 pounds occasionally, can stand and/or walk for about 6 hours in an 8-hour workday, can sit for about 6 hours in an 8-hour workday, can occasionally perform all postural activities, and is limited to occasional

overhead reaching with the left shoulder. (AR 100-02.) The ALJ gave Dr. Lee's opinion great weight because "[l]ike Dr. Brimmer's opinion, Dr. Lee's opinion is consistent with the overall evidence of record discussed above." (AR 31.) Plaintiff contends that the ALJ erred in doing so because Dr. Lee did not provide any supporting explanation for his medical opinion.

Dr. Lee, however, states that he reviewed the medical record in formulating his opinion. (AR 97.) Plaintiff appears to argue for a rule that would preclude the ALJ from ever giving great weight to the opinion of a non-examining opinion, but that is not the rule. It is up to the ALJ to determine how much weight to give the various medical opinions. 20 C.F.R. § 404.1527(c)(3). Beyond objecting to the weight the ALJ assigned Dr. Lee's opinion, Plaintiff has not argued that the opinion was in error. The ALJ's decision "will only be disturbed if it is not supported by "substantial evidence or it is based on legal error." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989) (internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Plaintiff has failed to identify a legal error with respect to the ALJ's weighing of Dr. Lee's opinion.

***

Accordingly, the Court concludes that the ALJ's weighing of Dr. Heldman's opinion regarding Plaintiff's mental limitations was not supported by substantial evidence, but that the ALJ provided specific and legitimate reasons supported by substantial evidence for her weighing of the other opinion evidence challenged by Plaintiff.

**B. The ALJ's Evaluation of Plaintiff's Subjective Symptom Testimony**

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets the first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her

1   symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. (internal

2   quotation marks and citation omitted). If the ALJ's assessment "is supported by substantial

3   evidence in the record, [courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278

4   F.3d 947, 959 (9th Cir. 2002).

Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the ... alleged symptoms." (AR 27.) Because Plaintiff met the first part of the test, the ALJ was required to provide "specific, clear and convincing reasons" for rejecting Plaintiff's testimony regarding the severity of his symptoms, or else find evidence of malingering. *Lingenfelter*, 504 F.3d at 1036. The ALJ found no evidence of malingering, but found that the evidence did not support Plaintiff's alleged loss of functioning because his allegations were inconsistent with the record as a whole and with his activities of daily living.

First, the ALJ's boilerplate finding that Plaintiff's "allegations of inability to work are inconsistent with the record as a whole," is not a clear and convincing reason supported by substantial evidence for rejecting Plaintiff's subjective allegations regarding his functional capacity. (AR 34.) *See Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1103 (9th Cir. 2014) ("An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review.") (internal quotations omitted).

Second, to the extent the activities of daily living recited by the ALJ is what the ALJ meant by the "record as a whole," the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). That Plaintiff is able to perform his own hygiene, can dress himself, can do simple food preparation, can do dishes, can do his laundry, and can use the phone and public transportation does not mean he does not suffer from mental and physical health issues which would preclude him from working. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)

10

("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."). Moreover, the ALJ ignores that Plaintiff testified that he performs many of these activities of daily living with assistance from his girlfriend and not on his own. (AR 61-62.)

To the extent that the Commissioner offers other bases for the ALJ's credibility determination, including statements by Dr. Brimmer and Dr. Gupta that Plaintiff seemed to exaggerate or not give full effort during their exams, that the objective imaging of Plaintiff's spine and shoulders revealed modest abnormalities inconsistent with total disability, and that Plaintiff has not consistently taken the medication which he was prescribed, none of these are specifically identified by the ALJ as a basis for the credibility finding here. "Long-standing principles of administrative law require [this court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citation omitted). "A clear statement of the agency's reasoning is necessary because [the court] can affirm the agency's decision to deny benefits only on the grounds invoked by the agency." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

Accordingly, the ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective testimony regarding his pain and functional limitations.

\* \* \*

Because the ALJ's consideration of the medical evidence and subjective pain symptom testimony are not supported by substantial evidence, the ALJ's decision cannot stand. Given this, the Court need not consider Plaintiff's additional arguments regarding the RFC. The ALJ's errors here go to the heart of the disability determination and are not harmless. *See Treichler*, 775 F.3d at 1099 ("An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.") (internal quotation marks and citations omitted); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error

11

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

### C. Remand

Plaintiff asks the Court to remand the case for the payment of benefits or, alternatively, for further proceedings. When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is proper, however, "where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) (internal quotation marks and citation omitted).

The first prong of the test is not satisfied here because the record has not been fully developed. There are outstanding issues that must be resolved before a final determination can be made given the Court's conclusion that the ALJ erred (1) with respect to her weighing of the medical evidence regarding Plaintiff's mental functional capacity such that there is legally insufficient evidence in the record to support the ALJ's findings regarding Plaintiff's mental functional capacity, and (2) with respect to her weighing of Plaintiff's subjective pain and functional capacity testimony.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion, DENIES Defendant's cross-motion, and REMANDS for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 19 and 25.

**IT IS SO ORDERED.**

Dated: February 4, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge